**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DANIEL EMERSON NORTON,**

        **Petitioner,**

v.                                                               Civil Action No. 3:21-CV-79
                                                               (GROH)

**F. J. BOWERS,**

        **Respondent.**

**REPORT AND RECOMMENDATION TO DENY
PETITIONER'S MOTION FOR PRELIMINARY
<u>INJUNCTION OR TEMPORARY RESTRAINING ORDER</u>**

**I.    INTRODUCTION**

On May 24, 2021, the *pro se* Petitioner, a federal inmate who is incarcerated at Morgantown FCI in Morgantown, West Virginia, filed a petition[1] pursuant to 28 U.S.C. § 2241. ECF No. 1. On June 21, 2021, Petitioner filed a motion for injunctive relief which asserts that Petitioner has been denied access to the to Courts, through a denial of access to a copy machine, and harassment and retaliatory actions by Morgantown FCI staff which allegedly occurred on June 2, 2021 through June 13, 2021. ECF No. 5. As relief, Petitioner requests that the Court issue an injunction which bars the Respondent and his employees from either retaliating against Petitioner or attempting to prohibit Petitioner from filing grievances. <u>Id.</u>

On July 21, 2021, Petitioner filed a memorandum and exhibit in support of his request for injunctive relief, which asserts Petitioner was denied access to a phone call with his attorney on July 15, 2021. ECF Nos. 14, 14-1.

---

[1] On July 9, 2021, Petitioner filed an amended petition on the Court-approved form. ECF No. 9.

## II. LEGAL STANDARD

### A. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

2

B.   **Requests for Injunctive Relief**

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the

3

situation demands such relief").

### III.     ANALYSIS

An injunction or temporary restraining order ("TRO"), may be granted under the authority of Federal Rule of Civil Procedure 65. Rule 65(b) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65. The Supreme Court has long held that, "under federal law [TROs] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held.

Pursuant to Petitioner's pleadings, he has been denied access to a copier, which he contends has denied him access to the Courts. ECF No. 5. Further, Petitioner claims that staff have retaliated against him and have either prevented or attempted to prevent him from filing grievances. Id.

Although Petitioner alleges that he has been denied access to the Courts starting

4

on May 27, 2021, he does not meet the four-part Winter test for issuance of such a preliminary injunction. First, Petitioner has not shown he is likely to succeed on the merits in regard to his claim. "To state a claim for relief in an action brought under § 1983, [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). See Thomas v. The Salvation Army Southern Territory, 841 F.3d 632, 637 (2016). Petitioner claims that he has been denied access to the Courts from on or around May 27, 2021 through June 13, 2021. ECF No. 5 at 1. However, less than a month after that date, Respondent filed four documents with the Court, including his motion for injunctive relief, a certificate of service, the Court-approved form for a § 2241 petition, and a memorandum in support of his motion for an injunction. ECF Nos. 5, 6, 9, 14. The very fact that Petitioner has filed those documents with the Court appear to refute Petitioner's claims that he has been denied access to the Courts.

Second, Petitioner has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. Petitioner's claim that he was denied access to the Courts appears to be unfounded, but even if such an assertion were true, it does not appear that Petitioner has suffered any actual harm. Petitioner claims that he has been the subject of "hostility" and that it took him approximately three weeks to obtain copies of certain records because the copier provided for inmates was broken. ECF Nos. 5, 5-1. Petitioner has not provided an affidavit or a verified complaint to this Court which includes specific facts that show that immediate and irreparable injury, loss, or damage will result to him before the Respondent can be heard in opposition. Further, Petitioner's

assertion that he has been denied access to the Courts does not square with the fact that at the time he filed his motion for an injunction, Petitioner had suffered no harm. Accordingly, it appears to the Court that other than his broad claims, that Petitioner has failed to submit any evidence which demonstrates a need for a temporary restraining order or preliminary injunction, and has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief or a temporary restraining order. Thus, Petitioner has failed to demonstrate that he meets the second prong of the Winter test.

Because Petitioner is unable to meet either of the first two prongs of the Winter test, the Court need not consider the third or fourth prongs. Further, because Petitioner is unable to meet all four parts of the Winter test for issuance of an injunction, his motion for an injunction filed on June 21, 2021, is not merited. Moreover, to the extent that Petitioner's motion seeks to mandate action by the Respondents, Petitioner has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the request for injunctive relief filed on June 21, 2021 [ECF No. 5] be **DENIED.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 31, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE